## GRASSO, et ux v. MORRIS INSURANCE AGENCY.
### No. 62-L-2901.

Circuit Court, Dade County.
September 5, 1962.

Jack Block, Miami, for plaintiffs.

Christie & Levenstein, Miami, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

The complaint in this case alleges that on October 5, 1962 (1961), in consideration of a premium of $151.98 paid by the plaintiffs, National Home Insurance Company, through its agent, the defendant, delivered to the plaintiffs its policy of insurance whereby the plaintiffs were insured until noon October 5, 1962, in the total sum of $10,000/$20,000 automobile bodily injury liability, $5,000 property liability damage and $10,000/$20,000 uninsured motorist, and on May 26, 1962, the plaintiff Clelia Grasso was injured while driving one of the automobiles insured under the policy, caused by the negligent driving of a hit and run automobile which struck a vehicle driven by her while heading in a southerly direction on the Sunshine State Parkway approximately eleven miles south of Fort Pierce, Florida. As a result

she was thrown from the vehicle and sustained a broken finger and other serious bruises of a permanent nature, etc.

It is further alleged that the identity cannot be ascertained of either the operator or the owner of the hit and run automobile, and that pursuant to the terms of the policy, the plaintiff reported the accident within twenty-four hours to the police and to a judicial officer and advised the National Home Insurance Company and the defendant of their claim under the uninsured motorist clause of the policy, and requested necessary forms to perfect their claim by letter of June 7, 1962, and on June 11, 1962 they were advised by J. Edwin Larson, receiver for National Home Insurance Company, that all policies of insurance were cancelled as of the 6th day of April, 1962; that such action left the plaintiffs with no insurance coverage. That the defendant knew, or in the exercise of reasonable care and caution should have known, that the plaintiffs did not know of the cancellation of the insurance, and would be extremely concerned to provide and secure other insurance coverage and would not have driven the vehicle unless they had insurance coverage, in which circumstances it was the duty of the defendant to advise the plaintiffs that the policy of insurance was cancelled and to secure or attempt to secure new coverage. Notwithstanding, the defendant negligently and carelessly failed to perform these duties and plaintiffs thereby believed that the policy of insurance remained in full force and effect and as a proximate result of the negligence of the defendant, the plaintiffs were not afforded coverage at the time of the accident.

The second count by the plaintiff, Michael Grasso, claims damage for the loss of consortium of his wife. The third count claims punitive damages.

The defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

No authorities have been cited to the court by either counsel, for or against the motion.

It seems to the court that count 1 contains sufficient allegations to withstand the motion. Section 631.341 of the Florida Statutes (1961) provides —

*Notice of insolvency to policyholders by insurer, general agent, or agent.*

(1) Any insurer authorized to do business in this state, and its supervising or managing general agent, if any, upon acquiring knowledge of bankruptcy or insolvency of such insurer shall, within seven days of such knowledge or notice, give written notice of such bankruptcy or insolvency to all agents of such insurer, as defined in this code, located within this state. Any such insurer not having agents in this state shall give such notice as aforementioned to all of its existing policyholders in the state.

(2) Unless within fifteen days subsequent to the date of such notice, such agents shall have either replaced or reinsured in a solvent insurer, the insurance underwritten by such bankrupt or insolvent insurer, then such agents shall either personally or by registered mail, send to the last known address of the policyholder, a written notice of bankruptcy or insolvency of such insurer.

(3) The license or certificate of authority of any person, firm, or corporation failing to comply with the provisions of this section shall be subject to revocation as provided in this code.

It is clear from the allegations of the complaint that the defendant acquired knowledge or notice of the insolvency of the insurance company. It is equally clear that the defendant failed to replace or reinsure, in a solvent insuror, the insurance underwritten and that it failed to advise the plaintiff of it. While the statute does not in terms fix the liability of the agent for failure to replace or reinsure the plaintiff in a solvent insuror, it appears that the statute placed this obligation upon the agents of the company and necessarily fixes liability on them for failure to replace the insurance or reinsure the policyholder. In these circumstances the first count of the complaint states a claim against the defendant upon which relief can be granted.

There is no attack on count 2.

The third count obviously states no claim for punitive damages and the motion to dismiss it will be granted.

It is therefore ordered that the motion to dismiss count 1 of the complaint, is denied and the defendant is allowed ten days in which to answer. The motion to dismiss count 3 is granted, and count 3 is hereby dismissed.